UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMALL S. BAKER,

    Plaintiff,

v.

SERGEANT HOPKINS, *et al.*,

    Defendant.

CASE NO. 2:21-cv-00361-MJP-JRC

ORDER GRANTING SECOND AMENDMENT OF COMPLAINT AND MOTION TO ADD EXHIBITS, AND RENOTING MOTION FOR PRELIMINARY INJUNCTION

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. Plaintiff, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The Court has previously granted plaintiff's motion to amend his complaint and to serve the defendants named in the amended complaint. Dkt. 15. Plaintiff now seeks leave to file a second amended complaint adding a defendant—Lily Harris—who was mentioned in the body of the amended complaint but not listed as a party, and requests that the Court serve Ms. Harris with process. Dkts. 17, 18. Plaintiff has also brought a motion to

ORDER GRANTING SECOND AMENDMENT OF
COMPLAINT AND MOTION TO ADD EXHIBITS,
AND RENOTING MOTION FOR PRELIMINARY
INJUNCTION - 1

attach exhibits to his second amended complaint. Dkt. 20. Finally, plaintiff has brought a motion "to show cause for a preliminary injunction and temporary restraining order." Dkt. 22.

The Court grants plaintiff's motions to amend, for service and to add exhibits but will require plaintiff, on or before September 16, 2021, to file his second amended complaint with all of the exhibits he wishes to attach to it before effecting service. Because plaintiff's motion for injunctive relief does not meet the requirements of Fed. R. Civ. P. 65(a)(1) for a temporary restraining order issued without notice to the opposing party, the Court construes plaintiff's motion as one for a preliminary injunction and directs the Clerk to renote it for October 8, 2021.

**A.  Motion to Amend (Dkt. 17)**

Plaintiff asserts that he inadvertently omitted Ms. Harris from the list of defendants in the amended complaint, while including substantive allegations against her in the body of the complaint. Dkt. 17 at 1; Dkt. 14 at ¶¶ 36–39. Plaintiff seeks to amend page 23 of his amended complaint to identify Ms. Harris as a defendant. Dkt. 17 at 1.

Pursuant to Fed. R. Civ. P. 15(a), a party may "amend its pleading once as a matter of course" within 21 days of serving it or 21 days after a responsive pleading. Fed. R. Civ. P. 15(a)(1). Under all other circumstances, leave of court is required. Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." *Id*. Plaintiff has already amended his complaint, so he is no longer permitted to amend his complaint as a matter of course. However, no defendant has responded to the amended complaint and there would be no prejudice in permitting the amendment sought by plaintiff. The Court therefore GRANTS plaintiff's motion to amend.

### B. Motion to Attach Exhibits (Dkt. 20)

Two weeks after filing his motion to amend, plaintiff filed an additional motion to attach exhibits to his proposed second amended complaint. Dkt. 20. Plaintiff requests leave to attach seven exhibits, which are labelled Exhibits Q through W. Dkt. 20 at 1; Dkt. 21. Plaintiff's motion is GRANTED. However, the Court notes that there are no exhibits attached to the proposed second amended complaint; it is not clear whether plaintiff intended to include exhibits numbered A through P. Plaintiff is advised that his second amended complaint will become a complete substitute for any prior complaints, and he must therefore include with it all attachments and exhibits he wishes to include in one filing; he cannot incorporate any of his prior complaints or their attachments by reference. Plaintiff is therefore directed to re-file his proposed second amended complaint (Dkt. 19) together with every exhibit or attachment he intends to include, on or before **September 16, 2021**.

### C. Motion for Service of Defendant Harris (Dkt. 18)

Plaintiff also requests that the Court serve the second amended complaint upon defendant Harris. Dkt. 18. Plaintiff's motion is GRANTED. However, in light of the Court's instruction that plaintiff re-file his second amended complaint to include all exhibits, the Court will not direct service at this time. The Court will issue a separate order directing service after plaintiff files his second amended complaint.

### D. Motion for Preliminary Injunction and Temporary Restraining Order (Dkt. 22)

Plaintiff has filed a "motion to show cause for preliminary injunction and temporary restraining order." Dkt. 22. Plaintiff's motion contends that defendants have tampered with his mail and, on one occasion, that he was prevented from reporting for his diabetic medications. *Id*.

ORDER GRANTING SECOND AMENDMENT OF
COMPLAINT AND MOTION TO ADD EXHIBITS,
AND RENOTING MOTION FOR PRELIMINARY
INJUNCTION - 3

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b)(1), but only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the [movant] certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A) and (B).

Plaintiff filed his motion before defendants had waived service and appeared in this action, and his motion does not certify that he made any attempt to provide notice to them. In addition, plaintiff has not demonstrated, as required by Rule 65(b)(1)(A), that he will suffer immediate and irreparable injury, loss, or damage before defendants can be heard in opposition. Plaintiff's complaints of mail tampering do not demonstrate an emergency that cannot await full briefing by the parties. Plaintiff's contentions with respect to his medications appear to pertain to a single occurrence in the past. Dkt. 22 at 1. Furthermore, even if the medication allegations presented an ongoing concern, they arise out of claims that are not pled in the amended complaint or the second amended complaint; the Court therefore lacks authority to grant relief regarding the medication-related claims. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Accordingly, the Court construes plaintiff's motion as one for preliminary injunction rather than as one for a temporary restraining order. The motion shall be renoted to the fourth Friday after the date the Court has set for plaintiff to file his second amended complaint. Defendants are directed to respond to plaintiff's motion on or before **October 4, 2021**; plaintiff

ORDER GRANTING SECOND AMENDMENT OF
COMPLAINT AND MOTION TO ADD EXHIBITS,
AND RENOTING MOTION FOR PRELIMINARY
INJUNCTION - 4

may submit a reply on or before **October 8, 2021**. The Clerk is directed to renote plaintiff's motion for preliminary injunction (Dkt. 22) to **October 8, 2021** and to send a courtesy copy of this Order to the office of the Attorney General.

Dated this 16th day of August, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER GRANTING SECOND AMENDMENT OF
COMPLAINT AND MOTION TO ADD EXHIBITS,
AND RENOTING MOTION FOR PRELIMINARY
INJUNCTION - 5