1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

JAMALL S. BAKER,

CASE NO. C21-361 MJP-JRC

11

Plaintiff,

ORDER ADOPTING REPORT AND
RECOMMENDATION

12

v.

13

MELVIN HOPKINS et al.,

14

Defendants.

15

This matter is before the Court on the Report and Recommendation of the Honorable

16

J. Richard Creatura, United States Magistrate Judge, (Dkt. No. 62); Defendants' objections, (Dkt.

17

No. 69); Plaintiff's objections, (Dkt. No. 70); and Defendants' response to Plaintiff's objections,

18

(Dkt. No. 71).  Having considered the issues presented and the relevant record, the Court

19

ORDERS:

20

    1.  The Report and Recommendation is ADOPTED;

21

    2.  Plaintiff's motion to amend, (Dkt. No. 52), is GRANTED;

22

23

    3.  Plaintiff may proceed on his claims for retaliation against defendants O'Reilly, Tuggle, Schneider, LaFleur, McLean, Harris, Pratt, Mills, Crouse, and Grey in their individual capacities;

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

4. Plaintiff's individual-capacity retaliation claim against defendants Hopkins, Palmer, Seely, Watanabe, and Jaeger are DISMISSED without leave to amend;

5. Plaintiff's official-capacity retaliation claim is DISMISSED without leave to amend;

6. Plaintiff's conspiracy claim is DISMISSED without leave to amend;

7. Defendants Hopkins, Palmer, Seely, Watanabe, and Jaeger are TERMINATED from this case;

8. Plaintiff's motion for preliminary injunction, (Dkt. No. 22), is DENIED;

9. Defendants' motion to dismiss the Second Amended Complaint, (Dkt. No. 48), is DENIED as moot;

10. Plaintiff's motion to file additional exhibits, (Dkt. No. 57), is DENIED without prejudice;

11. The clerk is ordered to provide copies of this order to Plaintiff, counsel for defendants, and to the Hon. J. Richard Creatura.

## Background

Plaintiff is incarcerated at Monroe Correctional Complex – Special offender's Unit.  He is suing various employees of the Complex for retaliating or conspiring to retaliate against him for exercising his rights under the First Amendment.  (Dkt. No. 53, Third Amended Complaint ("TAC") ¶ 1.)  In particular, he claims Defendants have interfered with his mail and access to counsel and broke his typewriter in retaliation for filing grievances, initiating other civil-rights litigation, and speaking out against prison conditions.  He seeks injunctive relief, compensatory damages, and punitive damages.  (Id. at 19.)

There are several motions before the Court: Plaintiff's motion for a preliminary injunction, (Dkt. No. 22); Defendants' motion to dismiss the Second Amended Complaint, (Dkt. No. 48); Plaintiff's motion to amend the Second Amended Complaint, (Dkt. No. 51); and Plaintiff's motion to file additional exhibits, (Dkt. No. 57).  In addition, the Court reviews a

1   proposed complaint filed in forma pauperis under 28 U.S.C. § 1915(e)(2)(B).  Judge Creatura

2   recommends the Court grant Plaintiff's motion to amend; find that Plaintiff may proceed on his

3   claims for retaliation against defendants O'Reilly, Tuggle, Schneider, LaFleur, McLean, Harris,

4   Pratt, Mills, Crouse, and Grey in their individual capacities; deny Plaintiff's motion to file

5   additional exhibits without prejudice; deny Defendants' motion to dismiss as moot; and deny

6   Plaintiff's motion for a preliminary injunction.  The parties have raised several objections which

7   the Court reviews de novo.

8

9                                   **Discussion**

10      **A.      Defendants' Objections**

11      Defendants raise three objections to the Report and Recommendation.  (Dkt. No. 69.)

12   First, they argue the Court should rule on their motion to dismiss the Second Amended

13   Complaint with respect to Defendants O'Reilly, Tuggle, Schneider, and LaFleur.  But once a

14   pleading is amended, the amended pleading supersedes the original and renders it without legal

15   effect.  Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  The proper procedure is

16   to deny the motion to dismiss as moot.

17      In addition, in accordance with 28 U.S.C. § 1915(e)(2)(B), the Court reviews the TAC.

18   Judge Creatura did consider the allegations of the TAC against these defendants.  (Dkt. No. 62 at

19   11–12.)  Defendants cite a Third Circuit case for the proposition that a single incident of

20   inadvertently opening an inmate's legal mail is insufficient to state a First Amendment violation.

21   See Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995), overruled on other grounds by Lewis v.

22   Casey, 518 U.S. 343 (1996).  But the holding of that case, which remains good law in the Third

23   Circuit, is that a pattern or practice of opening legal mail outside the presence of an inmate is

24

1   sufficient to state a claim.  See Gibson v. Erickson, 830 F. App'x 372, 373 (3d Cir. 2020); Davis

2   v. Goord, 320 F.3d 346, 351–52 (2d Cir. 2003).  That is what Plaintiff has alleged here.  In any

3   case, whether the alleged incidents turn out to be inadvertent or intentional are issues of fact.  At

4   this stage, Plaintiff has alleged such conduct was done with intent to retaliate.  The Court

5   assumes the truth of his allegations.  With respect to the other mailroom employees, the Court

6   agrees Plaintiff has pled sufficient facts to state a claim based on Defendant Jaeger's alleged

7   admission that all mailroom staff were interfering with his mail because of his grievances and

8   litigation activity.  Defendants have shown no legal error here.

9          Second, Defendants contend that Plaintiff's allegations about Defendant McLean should

10  not be permitted to proceed because they are based on "sheer speculation."  (Dkt. No. 69 at 3.)

11  Defendants note that some of the allegations against Defendant McLean have been stated "upon

12  information and belief."  A plaintiff need not be a witness to every fact to include it in a

13  pleading.  It is enough for the plaintiff to have a reason to believe the fact is true.  Plaintiff

14  alleges that Defendant McLean intercepted books Plaintiff had ordered by mail on March 9,

15  2021 and broke Plaintiff's typewriter in January 2020.  (TAC ¶¶ 34–38, 46–47.)  He has also

16  alleged a motive—that Defendant Grey informed him that the damage to his typewriter and other

17  actions were intended to retaliate against him for filing grievances and engaging in litigation.

18  (Id. ¶ 38.)  These allegations are specific enough for Rule 8, which requires only a "short and

19  plain statement of the claim" and the facts supporting it.  Fed. R. Civ. P. Rule 8(a)(2).

20         Finally, Defendants object on the ground that Plaintiff's damages claims should be

21  dismissed based on qualified immunity.  This is a variant of their first contention—they want the

22  Court to take up their motion to dismiss the Second Amended Complaint—which the Court has

23  addressed.

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

1    **B.      Plaintiff's Objections**

2         For his part, Plaintiff objects to any defendant being dismissed from the proceeding.

3    However, he has not identified any specific legal or factual errors in the Report and

4    Recommendation.  Plaintiff makes only one objection about an individual defendant.  He states

5    that he inadvertently left out that Defendant Watanabe manufactured an infraction against him

6    with the intent to harass him for filing grievances.  (Dkt. No. 70 at 2.)  But, unlike his other

7    allegations, he has not identified any basis for that belief.

8         For these reasons, the Parties' objections are DENIED and the Court ADOPTS the

9    Report and Recommendation.

10        Dated January 12, 2022.

11

12                              Marsha J. Pechman
                                United States Senior District Judge

13

14

15

16

17

18

19

20

21

22

23

24