UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMALL S. BAKER,

                     Plaintiff,

     v.

MELVIN HOPKINS, *et al.*,

                     Defendants.

CASE NO. 2:21-cv-00361-MJP-JRC

ORDER DENYING REQUEST FOR
SUBPOENAS

This is a civil rights action under 42 U.S.C. § 1983. Plaintiff has filed a request for subpoenas. Dkt. 81. As discussed below, the Court *sua sponte* quashes plaintiff's request for subpoenas and strikes them from the record.

Plaintiff has filed several proposed subpoenas seeking documents and information from several non-parties, as well as defendants. But some of plaintiff's proposed subpoenas are overbroad, other proposed subpoenas seek irrelevant information, and certain proposed subpoenas are facially deficient. Furthermore, because plaintiff paid the filing fee and is not proceeding *in forma pauperis* ("IFP"), a non-party must serve the subpoenas on plaintiff's

1  behalf. However, plaintiff has not shown that he has obtained a non-party to serve the subpoenas.

2  Therefore, the Court quashes plaintiff's request for subpoenas and strikes the proposed

3  subpoenas from the record. Although plaintiff may file a new, proper request for subpoenas, any

4  future request must cure the deficiencies identified in this order.

5       The Court allowed plaintiff's third amended complaint to proceed on his retaliation claim

6  against certain defendants. Dkts. 62, 76. The Court issued a scheduling order with a discovery

7  deadline of June 13, 2022. Dkt. 79. On January 31, 2022, plaintiff filed a request for subpoenas.

8  Dkt. 81. The request consists of several proposed subpoenas in which plaintiff seeks the

9  production of various information from non-parties as well as defendants. *See id.* at 1, 4, 7, 10,

10  13, 18, 21, 24.

11       One proposed subpoena is directed to nonparty Freebird Publishers. *Id.* at 1. It requests:

12  "Any and all information related to Jamall S. Baker's purchase using MADAMS PHOTO. This

13  should include the letters written by Mr. Baker between March 2021 and July 2021, to also

14  include original copies of the photographs sent to Mr. Baker." *Id.* A second proposed subpoena is

15  directed to Adams State University Bookstore and requests "documents related to [plaintiff's]

16  placing an order with [that] Bookstore in April of 2021. Produce any and all information related

17  to this order." *Id.* at 10.

18       A third proposed subpoena is directed to "Monroe Corrections Complex/Phone Site

19  Administrator." *Id.* at 4. It seeks: "Any and all documentation related to any incarcerated

20  individuals contacting any telephone or cellular phone that plaintiff contacts. Identify all

21  incarcerated individuals who call any phone numbers that Plaintiff . . . calls which is family

22  members [sic]." *Id.* A fourth proposed subpoena is directed to "State of Washington Department

23  of Corrections Intelligence and Investigation" and contains essentially the same request as the

24

ORDER DENYING REQUEST FOR SUBPOENAS - 2

1   third proposed subpoena. *Id.* at 7. A fifth subpoena is directed to the Washington Department of

2   Corrections ("DOC") and all defendants and similarly requests: "And any all information related

3   to [DOC] employee[s] and/or agents contacting any family member or friend belonging to

4   Plaintiff . . . in an attempt to counter his relationship with his childhood heart [sic] and her

5   assistance in helping him to advocate for himself against the [DOC]." *Id.* at 18.

6       A sixth proposed subpoena is directed to J-Pay Corporation. *Id.* at 13: It states: "Identify

7   the IP addresses that has [sic] set up multiple J-Pay accounts . . . connected to Jamall S. Baker . .

8   . and any other incarcerated individual at the Monroe Corrections Complex." *Id.*

9       Plaintiff's seventh and eighth proposed subpoenas do not state the documents they seek.

10  *Id.* at 21, 24.

11       "Under Fed. R. Civ. P. 45 (a)(1), a subpoena may direct non-party to a case to produce

12  designated documents or electronically stored information." *Casterlow-Bey v. Trafford Publ'g*

13  *Co.*, No. 17-5459 RJB, 2017 WL 11358483, at *2 (W.D. Wash. Oct. 30, 2017). "A party . . .

14  responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing

15  undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The

16  Court "must enforce this duty," *id.*, and may do so *sua sponte*, *Rodrigues v. Ryan*, No.

17  CV1608272PCTDGCESW, 2018 WL 1109557, at *2 (D. Ariz. Mar. 1, 2018) (citation omitted).

18       Similarly, "[a] subpoena issued pursuant to Federal Rule of Civil Procedure 45 is subject

19  to the permissible scope of discovery set forth in Federal Rule of Civil Procedure 26." *Ryan*,

20  2018 WL 1109557, at *2 (citation omitted). Under Rule 26(b)(1), parties "may obtain discovery

21  regarding any nonprivileged matter that is relevant to any party's claim . . . and proportional to

22  the needs of the case." Yet, "on its own," the Court may limit discovery if it is outside the scope

23  of Rule 26(b)(1) or that "can be obtained from some other source that is more convenient, less

24

1    burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2)(C). And, "[w]hile discovery is a

2    valuable right . . . , the necessary restriction may be broader when a nonparty is the target of

3    discovery." *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 949 (9th Cir. 1980) (citation

4    and internal quotation marks omitted).

5        Here, plaintiff's first two proposed subpoenas are overbroad. In them, plaintiff seeks "any

6    and all information" related to a purchase and an order, each of which plaintiff vaguely

7    describes. Given these overbroad descriptions, figuring out what documents plaintiff seeks

8    would impose on undue burden on the non-parties to which plaintiff directs these proposed

9    subpoenas.

10        In the third, fourth, and fifth proposed subpoenas, plaintiff seeks "any and all

11    documentation" related to prisoners or prisoner officials who have attempted to contact his

12    family members or "childhood heart." Assuming this information exists, it is irrelevant to the

13    allegations underlying plaintiff's retaliation claim. So plaintiff may not subpoena it. Moreover,

14    plaintiff directed one of these subpoenas to defendants. Assuming this information were

15    discoverable, plaintiff should have made this discovery request directly to defendants. *See* Fed.

16    R. Civ. P. 26; *see also Morris v. McGrath*, No. C 04-3142SI(PR), 2006 WL 870965, at *1 (N.D.

17    Cal. Apr. 3, 2006) ("The court generally is not involved in the discovery process . . . ."). "A Rule

18    45 subpoena may not be used to circumvent discovery rules . . . ." *Thornton v. Crazy Horse, Inc.*,

19    No. 3:06-CV-00251-TMB, 2012 WL 13032922, at *2 (D. Alaska Jan. 3, 2012) (alteration

20    adopted) (citation and internal quotation marks omitted).

21        The sixth proposed subpoena is directed to J-Pay Corporation and states: "Identify the IP

22    addresses that has [sic] set up multiple J-Pay accounts . . . connected to Jamall S. Baker . . . and

23    any other incarcerated individual at the Monroe Corrections Complex." Dkt. 81 at 13. This

24

ORDER DENYING REQUEST FOR SUBPOENAS - 4

1    request is unclear and bears no discernible relationship to the allegations underlying plaintiff's

2    retaliation claim.

3        Plaintiff's seventh and eighth proposed subpoenas are facially deficient because they do

4    not specify the information they seek.

5        Accordingly, the Court *sua sponte* **QUASHES** plaintiff's proposed subpoenas. The Clerk

6    is directed to **STRIKE** plaintiff's request for subpoenas (Dkt. 81) from the record. Because they

7    are plainly deficient and bear no discernible relationship to this case, plaintiff **<u>must not</u>**

8    **<u>resubmit</u> the third, fourth, fifth, and sixth proposed subpoenas**.

9        Plaintiff may, if he wishes, resubmit the first, second, seventh, and/or eighth proposed

10   subpoenas. If plaintiff does so, any proposed subpoena **<u>must cure</u>** the deficiencies identified

11   above.

12       Furthermore, the Court notifies plaintiff that, while the Court must *authorize* a subpoena

13   for a *pro se* party, a subpoena must be *served* by "[a]ny person who is at least 18 years old and

14   *not* a party." *See* Fed. R. Civ. P. 45(b)(1) (emphasis added). In other words, a non-party must

15   serve the subpoena on behalf of plaintiff. Plaintiff may not do so himself. And, because plaintiff

16   paid the filing fee is not proceeding IFP, the Court will not do so for him. Therefore, if plaintiff

17   wishes to resubmit the first, second, seventh, and/or eighth proposed subpoenas, or wishes to

18   submit any other proper subpoena, he **<u>must simultaneously provide evidence</u>** that he has

19   obtained a non-party to serve the subpoenas on his behalf. If any future request for a subpoena is

20   not accompanied by such evidence, the Court will quash the subpoena and strike it from the

21   record.

22

23

24

Dated this 2nd day of February, 2022.

J. Richard Creatura
Chief United States Magistrate Judge