UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMALL S. BAKER,

           Plaintiff,

   v.

TAMMY O'REILLY, *et al.*,

           Defendants.

CASE NO. 2:21-cv-00361-MJP-JRC

REPORT AND RECOMMENDATION

NOTING DATE: JULY 15, 2022

Before the Court is plaintiff's motion to voluntarily dismiss defendants Lori Schneider and Wallace LaFleur without prejudice. Dkt. 95. Defendants have filed a response indicating that they do not oppose the motion. Dkt. 97. Because the motion to voluntarily dismiss these defendants is unopposed, the Court recommends that the motion be granted and that defendants Schneider and LaFleur be dismissed without prejudice.

**BACKGROUND**

Plaintiff originally filed this action in March of 2021. Dkt. 4. Since that time, plaintiff has been permitted to amend his initial complaint. *See* Dkts. 14, 15, 30, 42. In a report and

recommendation issued on November 5, 2021, the Court screened a proposed third amended complaint pursuant to 28 U.S.C. § 1915A and, finding it to be partly viable, recommended granting the motion to amend and accepting the third amended complaint as the operative complaint in this action. Dkt. 62. By Order dated January 12, 2022, the District Court adopted the report and recommendation. Dkt. 76. The Court has issued a Scheduling Order, as amended June 10, 2022, and the parties are currently engaged in discovery. *See* Dkt. 96.

## DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure sets forth the circumstances under which an action may be dismissed on plaintiff's motion. Plaintiff must seek leave of Court to dismiss the above-noted defendants because defendants have already answered the third amended complaint (Dkt. 80). *See* Fed. R. Civ. P. 41(a)(2).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 163 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)) (footnote omitted). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Here, plaintiff moves for dismissal of defendants Schneider and LaFleur. Dkt. 95. Defendants do not oppose this motion, nor do they argue that they would be legally prejudiced by granting the motion for voluntary dismissal of these defendants. *See* Dkt. 97. Accordingly, the Court finds that plaintiff's motion for voluntary dismissal of defendants Schneider and LaFleur (Dkt. 95) is appropriate.

**CONCLUSION**

For the reasons set forth above, the Court recommends that plaintiff's motion to dismiss defendants Schneider and LaFleur (Dkt. 95) be granted and plaintiff's action against these defendants be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 15, 2022** as noted in the caption.

Dated this 27th day of June, 2022.

J. Richard Creatura
Chief United States Magistrate Judge