UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMALL S. BAKER,

               Plaintiff,

    v.

TAMMY O'REILLY, *et al.*,

               Defendants.

CASE NO. 2:21-cv-00361-MJP-JRC

ORDER DIRECTING PLAINTIFF
TO FILE AN AMENDED
COMPLAINT

The District Court has referred this 42 U.S.C. § 1983 civil rights action to Chief United

States Magistrate Judge J. Richard Creatura. Plaintiff, proceeding *pro se*, filed this civil rights

complaint pursuant to 42 U.S.C. § 1983. Before the Court are plaintiff's motion to amend his

complaint (Dkt. 106) and a motion to supplement the proposed amended complaint (Dkt. 113).

Because motions to amend are granted when it promotes justice, and because there would be no

prejudice in permitting the amendment sought by plaintiff, the Court grants the motion to amend.

1

**BACKGROUND**

2   Plaintiff originally filed this action in March of 2021. Dkt. 4. Since that time, plaintiff has

3 been permitted to amend his initial complaint. *See* Dkts. 14, 15, 30, 42. Presently, plaintiff's third

4 amended complaint is the controlling pleading. Dkt. 77. The Court has issued a scheduling order,

5 as amended June 10, 2022, and the parties are currently engaged in discovery. *See* Dkt. 96. The

6 due date for any dispositive motions has not yet passed. *See id*.

7   Plaintiff has now filed the instant motion for leave to amend the third amended

8 complaint. Dkt. 106. In the motion, plaintiff seeks to add a First Amendment claim against

9 defendants "for impeding his ability to consult with counsel . . . ." *Id*. at 1. In the motion to

10 supplement his proposed amended complaint, plaintiff seeks to add averments to that additional

11 First Amendment claim. Dkt. 113. Defendants oppose both motions. Dkts. 111, 115.

12

**DISCUSSION**

13   Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may "amend its

14 pleading once as a matter of course" within 21 days of serving it or 21 days after a responsive

15 pleading. Fed. R. Civ. P. 15(a)(1). Under all other circumstances, leave of court is required. Fed.

16 R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." *Id*. Plaintiff

17 has already amended his complaint, so he is no longer permitted to amend his complaint as a

18 matter of course. However, any potential dispositive motions have not yet been filed and there

19 would be no prejudice in permitting the amendment sought by plaintiff. As such, the Court finds

20 justice requires plaintiff be allowed to amend his third amended complaint. Accordingly, the

21 Court grants plaintiff leave to file a fourth amended complaint.

22   Plaintiff has attached a proposed fourth amended complaint to his motion. Dkt. 106-1.

23 However, plaintiff has also submitted a motion to supplement that proposed amended complaint.

24

1    Dkt. 113. As characterized by defendants, plaintiff's motion to supplement is "confusing to say

2    the least." Dkt. 115. It appears that plaintiff may be attempting to add a "separate, distinct and

3    new cause of action," which is not permitted through the use of supplemental pleading. *See* Fed.

4    R. Civ. P. 15(d); *see also Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir.

5    1997); 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and*

6    *Procedure*: Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be

7    denied where "the supplemental pleading could be the subject of a separate action"). Therefore,

8    for clarity and to ensure that plaintiff has had an opportunity to properly amend his complaint,

9    plaintiff is directed to file a proposed fourth amended complaint as a single document that

10   includes all claims plaintiff seeks to pursue by no later than October 7, 2022. The fourth

11   amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

12   and not a copy, it should contain the same case number, and it may not incorporate any part of

13   the third amended complaint by reference. The fourth amended complaint will act as a complete

14   substitute for the third amended complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963

15   F.2d 1258, 1262 (9th Cir. 1992).

16          The Court reminds plaintiff that, under Federal Rule of Civil Procedure 8, a complaint

17   must contain "a short and plain statement of the claim showing the pleader is entitled to relief,"

18   and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e).

19   Within the fourth amended complaint, plaintiff must write a short, plain statement telling the

20   Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who

21   violated the right; (3) exactly what the individual did or failed to do; (4) how the action or

22   inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5)

23

24

1  what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*,

2  423 U.S. 362, 371–72, 377 (1976).

3        The Court further reminds plaintiff that unrelated claims against different defendants

4  must be pursued in separate actions. Plaintiff may bring a claim against multiple defendants so

5  long as (1) the claim arises out of the same transaction or occurrence, or series of transactions

6  and occurrences, **and** (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2)

7  (emphasis added); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire*

8  *Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir. 1980). Accordingly,

9  plaintiff may not assert multiple claims against unrelated defendants in this action. That all of the

10  defendants allegedly harmed plaintiff on different days and in different ways is not sufficient to

11  support joinder of claims.

12        If plaintiff fails to file a fourth amended complaint by October 7, 2022, the Court will

13  proceed on plaintiff's third amended complaint.

14                                    **CONCLUSION**

15        For the above-stated reasons, the Court GRANTS the motion for leave to file a fourth

16  amended complaint (Dkt. 106) and directs plaintiff to file a fourth amended complaint on or

17  before October 7, 2022. The motion to supplement (Dkt. 113) is DENIED as moot. Further, as

18  the filing of an amended complaint will necessitate a new scheduling order, the current

19  scheduling deadlines (*see* Dkt. 96) are STAYED pending further order of Court.

20        Dated this 2nd day of September, 2022.

21

22

23                                    J. Richard Creatura
                                     Chief United States Magistrate Judge

24