UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMALL S BAKER,<br><br>              Plaintiff,<br><br>   v.<br><br>TAMMY O'REILLY et al.,<br><br>              Defendant. | CASE NO. 2:21-cv-00361 MJP-JRC<br><br>ORDER ADOPTING THE REPORT AND RECOMMENDATION |

This matter is before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge ("R&R" (Dkt. No. 144)), and Defendants Objections ("Objections" (Dkt. No. 145)). Having considered the issues presented and the relevant record, the Court ORDERS:

1. The Report and Recommendation is ADOPTED;
2. The Second Motion to Dismiss (Dkt. No. 129) and Second Motion to Sever (Dkt. No. 131) are denied.

**BACKGROUND**

This Report and Recommendation and underlying motions arise out of Plaintiff Jamall Baker's Fifth Amended Complaint ("FAC" (Dkt. No. 127)). Baker is incarcerated at Monroe Correctional Complex – Special Offender's Unit ("MCC"). (FAC at 3.) Baker has sued: (1) Tammy O'Reilly, a correctional officer in MCC's mailroom; (2) Melinda Tuggle, an employee in MCC's mailroom; (3) Douglas Mclean (properly spelled "McLane," see Dkt. 129), a correctional officer at MCC; (4) Kathyrn Grey, a former correctional mental health unit supervisor at MCC; (5) Christine Pratt, a mental health counselor at MCC; (6) Sonia Mills, a former classification counselor at MCC; (7) Camden Crouse, a classification counselor at MCC; and (8) Lily Harris, an employee of "Correctional Industries," which contracts with the Department of Corrections ("DOC") to provide food services to prisoners in DOC custody. (FAC at 3-5.) Baker sues each Defendant in his or her individual and official capacity. (Id.)

In his FAC, Baker alleges that on June 25, 2018, Defendant Harris "wrote a false infraction report against [Baker] alleging multiple rule violations." (FAC at 5.) As a result, Baker was terminated from his position in the prisoner kitchen. (Id. at 8.) According to Baker, an MCC employee told Baker that he was fired "because you are suing everybody." (Id.) At that time Baker had commenced different litigation against other DOC employees. (Id. at 7-8.)

On December 13, 2018, and November 18, 2019, Defendant O'Reilly and/or Defendant Tuggle allegedly opened Baker's legal mail without Baker present. (FAC at 9-10.)

Baker also alleges that Defendants Mills, Crouse and Pratt were present at various times when Baker discussed his ongoing civil rights case with counsel. (FAC at 10-12.) Baker claims Defendants listened to his conversation with counsel in order to retaliate against him for filing a lawsuit against other DOC employees. (Id.) Nondefendant Lieutenant Richards allegedly

1  instructed Defendant Grey to inform staff that Baker's visits with counsel were private, but Grey
2  failed to instruct staff as such. (Id. at 12.)
3        The FAC further alleges that Defendant McLane intentionally broke Baker's typewriter.
4  (Id. at 13.) And that between January 2020 and July 2020, Baker's typewriter was intentionally
5  broken two more times. (Id.) Sometime in January or February of 2020, Defendant Grey told
6  Baker that "he was being harassed because he was not liked by staff because he wrote grievances
7  and sued staff." (Id. at 13-14.) Defendant Grey then allegedly told Baker to stop writing
8  grievances. (Id. at 14.)
9        Baker also makes the following allegations regarding mailroom employees: that unnamed
10  mailroom employees vandalized his mail (FAC at 14.); that two books he purchased were
11  delivered to the mailroom, but stolen by mailroom staff (Id.); that mailroom staff repeatedly
12  delayed delivering books to him, in violation of DOC regulations (Id. at 14-15); that mail
13  containing photographs were unnecessarily rejected (Id. at 15); and that a form for school
14  supplies was removed from an outgoing order form (Id. at 15-16.). In connection with these
15  allegations, Baker alleges that Defendant McLane picked up a mailbag containing Baker's
16  books, but intentionally did not give the books to another DOC employee to distribute to Baker.
17  (Id. at 15.) Baker claims that all these actions were done to harass him. (Id. at 16.) A DOC nurse
18  allegedly told Baker that the mailroom employees did not like Baker because he wrote
19  grievances, sued staff members, and was a "troublemaker." (Id.)
20        Finally, Baker alleges that Defendant Grey, as supervisor, was negligent in supervising
21  her subordinates and failed to remedy the wrong committed against Baker by the other
22  Defendants. (FAC at 16-17.)

Based on these allegations, Baker brings four claims in the FAC. In Count I, Baker asserts that Defendants violated his First Amendment rights when they retaliated against him for exercising his right to file grievances and lawsuits regarding his conditions of confinement. (FAC at 17-20.) Count II alleges that Defendants Crouse, Grey, Mills, and Pratt violated Baker's First Amendment rights by impeding on his ability to consult with his counsel confidentially and in private. (Id. at 20-21.) Count III asserts a Fourteenth Amendment violation against Defendants for failing to provide Baker with a location to meet with his counsel for a private conversation without being overheard by others. (Id. at 21.) And Count IV alleges that Defendants Crouse, Grey, Mills, and Pratt interfered with Baker's access to the courts in violation of the First Amendment when they remained in the room while Baker met with his counsel. (Id. at 21-22.) Baker seeks various forms of damages and declaratory relief. (Id. at 22-23.)

Currently before the Court is Defendants' Motion to Dismiss the claims against Defendant McLane and Defendants' Motion to Sever or Drop Misjoined Parties. (Dkt. Nos. 129, 131.) Judge Creatura recommends that both motions be denied. Defendants have raised several objections which the Court reviews de novo.

**DISCUSSION**

**A.      Defendants Objections to the R&R's Finding on the Motion to Dismiss**

Defendants raise two objections to the R&R as it applies to Defendants' Motion to Dismiss the claims against Defendant McLane. First, Defendants argue that the R&R materially misstates some of Baker's allegations and that a correct reading of the FAC demonstrates that Baker fails to articulate a plausible claim against McLane. (Objections at 2.) Second, Defendants claim that the R&R erred in finding "clearly established" law for qualified immunity purposes. (Id. at 4.) The Court finds both of these arguments to be unpersuasive.

1.     <u>Baker's Allegations as to Defendant McLane</u>

Defendants argue that the R&R makes several conclusory statements that are unsupported by the FAC. (Objections at 2.) Specifically, Defendants take umbrage to Baker's allegations made "upon information and belief." (<u>Id.</u>) Defendants previously made this argument in their motion to dismiss Baker's third amended complaint. (<u>See</u> Dkt. No. 76.) Baker's allegations against McLane have not change since his third amended complaint and the Court found that Baker's allegations were specific enough to survive a motion to dismiss then. It finds the same now.

Defendants appear to argue that the Supreme Court's rationale in <u>Bell Atl. Corp. v. Twombly</u>, 550, U.S. 544 (2007) stands for the proposition that a plaintiff cannot make allegations based on "information and belief." But Defendants' reliance on <u>Twombly</u> is misplaced. "The <u>Twombly</u> plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." <u>Soo Park v. Thompson</u>, 851 F.3d 910, 928 (9th Cir. 2017) (internal citation and quotations omitted).

Here, Baker alleges that Defendant McLane intentionally broke his typewriter and that he had to purchase a new typewriter to take classes and litigate his civil case. (FAC at 13.) Baker also alleges that McLane intentionally failed to timely deliver books Baker had ordered. (<u>Id.</u>) And that both of these things were done as retaliation against Baker for filing grievances and commencing lawsuits against DOC employees. (<u>Id.</u> at 13-14.) Any internal documentation that may show where McLane was assigned when the typewriter was broken, and the reason for the delayed delivery of Baker's books are largely in the possession and control of the DOC. And the

alleged pattern of retaliation against Baker by DOC employees makes the inference of culpability plausible. The Court previously found these allegations sufficient enough for Federal Rule of Civil Procedure 8, which requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The Court finds the same here.

The Court ADOPTS the R&R as to Defendant McLane's Motion to Dismiss Baker's allegations against him.

2. Qualified Immunity

Defendants also ask the Court to decide the issue of qualified immunity for McLane at this stage. (Objections at 4.)

There are two steps in the qualified immunity analysis. First, whether the facts "[ta]ken in the light most favorable to the party asserting the injury . . . show [that] the [defendant's] conduct violate a constitutional right[.]" Saucier v. Katz, 533 U.S. 194, 201 (2001). The second step is whether the right was clearly established at the time of the alleged violation. Id. The R&R found that Baker sufficiently alleged that McLane violated his rights under the First Amendment, and that the prohibition against retaliatory punishment is clearly established law in the Ninth Circuit for qualified immunity purposes. (R&R at 8-9.)

"Qualified immunity is an affirmative defense that must be raised by a defendant." Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001). When, as here, Defendants asset qualified immunity in a motion to dismiss under Rule 12(b)(6), "dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies." Groten, 251 F.3d at 851. A court assessing a motion to dismiss based on a qualified immunity defense must consider "whether the complaint alleges sufficient facts, taken as true, to support the claim that officials' conduct violated clearly established constitutional rights of which a reasonable

officer would be aware in light of the specific context of the case." Keates, 883 F.3d at 1235 (internal citation and quotation omitted). If the complaint "contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right, then plaintiffs are entitled to go forward with their claims." Id. (internal citation and quotation omitted).

Here, Baker alleges that McLane broke his typewriter and delayed the delivery of his books as a way to retaliate against him for filing grievances and lawsuits. Taking these allegations as true, Baker has sufficiently alleged that McLane violated his rights under the First Amendment. And there is a myriad of Ninth Circuit cases that clearly establish a prisoner's right to be free from retaliation for filing grievances or lawsuits. See Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Watison v. Carter, 668 F.3d 1108, 114 (9th Cir. 2012).

Defendants argue that the Supreme Court in Reichle v. Howards, 566 U.S. 658 (2012) rejected the argument that it is a settled rule of law that the First Amendment prohibits government officials from subjecting an individual to retaliatory actions because the "general concept" of retaliation is insufficient to put a defendant on notice. (Objections at 5.) But Reichle is inapposite. Reichle involves an individual who was arrested after making a disparaging remark and touching the then Vice President of the United States. A member of the President's Secret Service team confronted the individual, confirmed that he had touched the Vice President, and then arrested him for harassment in violation of state law. The individual brought an action against the Secret Service agent claiming he was arrested in retaliation for criticizing the Vice President. The Supreme Court reasoned that when a right has been allegedly violated, the right must be established, "not as a broad general proposition . . ., but in a particularized sense so that

the contours of the right are clear to a reasonable official . . ." Reichle, 566 at 655 (internal quotation and citation omitted). The Supreme Court found that "the right in question is not the general right to be free from retaliation for one's speech, but the more specific right to be free form retaliatory arrest that is otherwise supported by probable cause." Id.

As such, Defendants' argument that Reichle stands for the premise that the general concept of retaliation is insufficient to put a defendant on notice takes the facts of the case and the Supreme Court's rationale out of context. And Defendants cannot claim that Baker's allegations regarding his retaliation claim are too generalized to put them on notice. Baker's Fifth Amended Complaint makes clear that his First Amendment claims against McLane and the other Defendants are based on retaliation against him for filing grievances and suing DOC employees. Defendants' arguments otherwise are unpersuasive. The Court agrees with the R&R that Baker has a clearly established right to be free from the allegedly retaliatory actions.

The Court ADOPTS the R&R as the Defendant McLane's Motion to Dismiss based on qualified immunity.

3.      Defendants' Motion to Sever or Drop Misjoined Parties

Finally, Defendants object to the R&R's denial of their Motion to Sever. Federal Rule of Civil Procedure 18(a) allows a plaintiff to join as many claims as he has against an opposing party in one suit. A plaintiff may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim, and there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg. Planning Agency, 558 F.2d 914, 917 (9th Cir. 1972). A court, may, in its discretion, sever

misjoined parties, so long as no substantial right will be prejudice by the severance. Fed. R. Civ. P. 21.

Rather than argue Baker has failed to meet the two prong test for joinder, Defendants seem to argue that Baker has somehow not met the pleading standards for joinder because he simply asserts retaliation claims against all Defendants. (Objections at 6-7.) The Court disagrees. As the R&R points out, Baker has alleged that as a result of his utilization of the prison grievance process and his right to sue, Defendants have retaliated against him by "filing false infraction and behavior observation reports, tampering with his legal and other mail, denying him confidential and private meetings with counsel, interfering with his access to the courts, and destroying or delaying delivery of his property." (R&R at 10.) While there are multiple occurrences, which involved different retaliatory behavior, Baker has properly alleged that all the actions are retaliation for the same behavior and involve the same question of law. Therefore, Baker satisfies both prongs of joinder. And once again, none of the cases Defendants cite to in support are applicable.

The Court ADOPTS the R&R as it applies the Defendants Motion to Sever.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 10, 2023.

Marsha J. Pechman
United States Senior District Judge