UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMALL S. BAKER,

Plaintiff,

v.

TAMMY O'REILLY, *et al.*,

Defendants.

CASE NO. 2:21-cv-00361-MJP-GJL

ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

This matter is before the Court on referral from the District Court and on Plaintiff's Motion for Leave to File a Supplemental Complaint ("Motion to Supplement"). Dkt. 149. For the reasons discussed herein, the Motion to Supplement is denied.

**I. Background**

Plaintiff, a prisoner at the Monroe Correctional Complex–Special Offender's Unit ("MCC"), initiated this matter in March 2021. *See* Dkt. 1. Plaintiff's fifth amended complaint ("FAC") is currently the operative complaint, filed on October 28, 2022. Dkt. 127. The FAC alleges claims under 42 U.S.C. § 1983 against various officials at MCC. *See id.* As relevant here,

Plaintiff alleges MCC staff tampered with his incoming and outgoing mail in various ways, including "vandalizing" incoming mail, stealing or delaying delivery of his purchased books delivered to the mailroom, rejecting incoming mail by falsely labeling it sexually explicit, and tampering with an outside mail order for school supplies. *Id*. at 14–16. Plaintiff alleges Defendants took these actions to retaliate against him for grieving his conditions of confinement and filing a civil rights lawsuit against Department of Corrections ("DOC") employees. *Id*. at 17–20.

Defendants have answered the FAC (Dkt. 133), and a motion to dismiss (Dkt. 129) and motions to sever (Dkts. 129, 131) have been denied (*see* Dkts. 144, 148). A revised scheduling order has been issued. Dkt. 152. Currently, discovery is ongoing and any dispositive motions are set to be filed and served on or before October 2, 2023. *See id*.

On March 9, 2023, Plaintiff filed the instant Motion to Supplement. Dkt. 149. In the Motion, Plaintiff seeks to supplement his FAC with allegations relating to his First Amendment retaliation claim. *See id*. at 4–6. Defendants oppose the Motion and Plaintiff has not filed an optional reply brief. Dkt. 150.

**II. Discussion**

Plaintiff seeks leave to supplement his FAC to include additional factual allegations related to his retaliation claim that occurred after the date of the FAC. Dkt. 149. Defendants oppose the Motion because the new allegations fail to state a claim against Defendants, which makes the supplement futile. Dkt. 150 at 1–6. Defendants also argue they would be prejudiced by allowing Plaintiff to supplement his FAC. *Id*. at 6.

Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that

happened after the date of the pleading to be supplemented." In determining whether to grant leave to file a supplemental complaint, the Court considers "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Lyon v. U.S. ICE*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Although Rule 15(d) does not require the moving party to satisfy a transactional test, there must be a relationship between the claim in the original pleading and the claims sought to be added. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Thus, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

In the Motion to Supplement, Plaintiff attaches a proposed supplemental complaint containing what he asserts are "facts related to a pattern of continued harassment by mailroom employees in connection with the claims[.]" Dkt. 149 at 4. He states he "devised a plan" to prove mailroom staff were harassing him by requesting photographs he did not want in order to set up the staff to reject those photographs. *Id*. at 4–5. However, his subsequent allegations of retaliation are against only "mailroom employee Tedford," an individual who is not named in this action. *Id*. at 5.

Defendants ask the Court to deny Plaintiff leave to include the allegations against "mailroom employee Tedford" because he has not alleged any personal participation by Defendants. Dkt. 150 at 2. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts

showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. International Business Machines Corp*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Since the allegations set forth in the proposed supplemental complaint relate only to a non-defendant and do not allege participation by any of the named Defendants, Plaintiff has failed to state a claim against Defendants. Further, to the extent Plaintiff may be attempting to assert a claim against Defendants for the actions of a non-Defendant, it is well-established that a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

Defendants also argue they would be prejudiced by the further delay in this matter should Plaintiff be permitted to supplement his FAC. Dkt. 150 at 6. In determining whether a defendant has been prejudiced, the Court examines "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). "Prejudice is heightened when a plaintiff seeks to amend a complaint late in litigation." *Netbula, LLC v. Bindview Dev. Corp.*, No. C06 00711 MJJ, 2007 WL 2221070, at *4 (N.D. Cal. Aug. 2, 2007). Plaintiff initiated this action in March 2021. Dkt. 1. A new scheduling order has been issued recently and the parties are proceeding with discovery. *See* Dkt. 152. The proposed allegations in Plaintiff's Motion to Supplement against a non-Defendant would require proof of different facts than the existing First Amendment retaliation claim. Inevitably, this would require further discovery and would cause

added time and expenses for current Defendants. In addition, the proposed allegations have not been made against any named Defendant, nor has Plaintiff refuted Defendants' argument that they do not relate to Defendants or the allegations in the FAC. *See* Dkt. 150. Thus, allowing Plaintiff to file the proposed supplemental complaint will cause undue delay and prejudice to current Defendants. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398–99 (9th Cir. 1986) (affirming denial of leave to amend and holding the district court did not abuse its discretion in concluding that allowing an amendment would prejudice the defendant because of the necessity for further discovery); *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (cited by *Jackson*, 902 F.2d at 1387).

Accordingly, the Court denies Plaintiff's Motion to Supplement. Dkt. 149.

Dated this 1st day of May, 2023.

Grady J. Leupold
United States Magistrate Judge