UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMALL S. BAKER,<br><br>               Plaintiff,<br><br>   v.<br><br>TAMMY O'REILLY, et al.,<br><br>               Defendants. | CASE NO. C21-361 MJP<br><br>ORDER GRANTING MOTION TO APPOINT COUNSEL |

This matter comes before the Court on Plaintiff Jamall S. Baker's Motion to Appoint Counsel and Motion for Alternative Dispute Resolution. (Dkt. Nos. 192, 193.) Having reviewed the Motions, Defendants' Responses (Dkt. Nos. 197, 198), and all supporting materials, the Court GRANTS Plaintiff's Motion to Appoint and WITHHOLDS RULING on his Motion for ADR.

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). And federal courts lack the authority "to make coercive appointments of counsel." Mallard v. United States District Court,

ORDER GRANTING MOTION TO APPOINT COUNSEL - 1

1    490 U.S. 296, 310 (1989). But districts courts have two sources of discretion to appoint counsel
2    in a civil proceeding. First, if the district court finds "exceptional circumstances, it may request
3    appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). See <u>Agyeman v.</u>
4    <u>Corrections Corp. of Am.</u>, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional
5    circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood
6    of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his
7    claims 'in light of the complexity of the legal issues involved.'" <u>Id.</u> (quoting <u>Wilborn v.</u>
8    <u>Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)); <u>see also</u> <u>Terrell v. Brewer</u>, 935 F.2d 1015,
9    1017 (9th Cir. 1991). Second, district courts have inherent authority to appoint counsel in civil
10   proceedings when necessary to aid the court in its judicial function. <u>See</u> <u>Perez v. Barr</u>, 957 F.3d
11   958, 965 (9th Cir. 2020) "It has long been recognized that courts have the inherent authority to
12   appoint counsel when necessary to the exercise of their judicial function, even absent express
13   statutory authorization." <u>Id.</u> "'Courts have (at least in the absence of legislation to the contrary)
14   inherent power to provide themselves with appropriate instruments required for the performance
15   of their duties [and t]his power includes authority to appoint persons unconnected with the court
16   to aid judges in the performance of specific judicial duties, as they may arise in the progress of a
17   cause.'" <u>Id.</u> (quoting <u>Ex Parte Peterson</u>, 253 U.S. 300, 312 (1920) (citation omitted)). "This
18   inherent judicial authority has been codified in the All Writs Act, which provides that '[t]he
19   Supreme Court and all courts established by Act of Congress may issue all writs necessary or
20   appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of
21   law.'" <u>Id.</u> (quoting 28 U.S.C. § 1651(a)).

22       The Court here finds that counsel should be appointed to assist Baker in litigating this
23   case through trial. Baker appears in this matter <u>pro se</u> and he has been granted <u>in forma pauperis</u>
24

(or indigent) status. As the Court has separately explained in its Order on the Report and Recommendation, it finds substantial merit to several of Bakers claims which have survived summary judgment. While Baker has thus far been able to marshal evidence in support of his claims and write cogent briefs, the Court believes that Baker may not have the capacity to litigate this matter fully and efficiently without the assistance of counsel. Baker has identified various medications that impede his ability to litigate this action and, given the restrictions he faces while at MCC-SOU, Baker faces substantial hurdles in trying this case before a jury without assistance of counsel. The Court also finds that appointment of counsel will assist the Court in performing a thorough and complete examination of the merits of Baker's claims. For these reasons, the Court GRANTS Baker's Motion to Appoint Counsel and DIRECTS the District's Coordinator of the Pro Bono Panel to identify an attorney(s) or law firm from the Pro Bono Panel to represent Baker for all further proceedings.

While the Court generally agrees that ADR may be useful in settling this matter, the Court will revisit this issue after counsel is identified. The Court therefore WITHHOLDS RULING on Baker's Motion for ADR.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated April 1, 2024.

Marsha J. Pechman
United States Senior District Judge