The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMALL S. BAKER,<br><br>         Plaintiff,<br><br>v.<br><br>TAMMY O'REILLY, et al.,<br><br>         Defendants. | NO: 2:21-cv-00361-MJP<br><br>PLAINTIFF'S SURREPLY TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES<br><br>NOTE ON MOTION CALENDAR: NOVEMBER 15, 2024<br><br>ORAL ARGUMENT REQUESTED |

Plaintiff asks the Court to strike Dkt. #236 ("Declaration"), Dkt. #236-1 ("Exhibits") (Dkt. #236-1), and any reference to and argument based on same in Dkt. #235 ("Reply"), because Defendants failure to produce those documents in discovery significantly prejudices Plaintiff.[1]

## I.   STATEMENT OF FACTS

Plaintiff refers the Court to the Declaration of Tania Sethi Kamjula in Support of Plaintiff's Surreply ("Kamjula Decl.") and the exhibits attached thereto.

///

///

---

[1] Based on the failure to produce these records, Plaintiff reserves the right to seek additional appropriate relief in the form of a continuance, a Motion to Compel, and sanctions.

PLAINTIFF'S SURREPLY TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
(NO. 2:21-cv-00361-MJP) - 1

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## II. ARGUMENT

**A. The Exhibits Were Not Produced in Discovery Even Though Responsive to Discovery Requests.**

In response to Defendants' motion for summary judgment, Plaintiff argued he had a liberty interest in an earlier release date based on earned time ("ET") and good conduct time ("GCT") (together, "ERT") he lost due to Defendants' violations of his First and Fourteenth Amendment rights. In reply, Defendants contend (for the first time) that Plaintiff has no such liberty interest because he is not even eligible to earn *any* ERT until he has served at least 20 years. Defendants rely on the Exhibits, which purport to show Plaintiff has earned no ERT at this point. This is contrary to documents produced in discovery that reflect that Plaintiff has earned, lost, and regained ERT throughout his incarceration. *See* Kamjula Decl. at 1:24-25; 2:21-3:3. Those documents reflect that Plaintiff has ERT such that his Earned Release Date ("ERD") is now July 28, 2034 rather than March 24, 2035.[2]

The Exhibits, which clearly can be generated with a few keystrokes, were not produced in discovery, even though responsive to multiple discovery requests. For example, Plaintiff requested all documents concerning Plaintiff's "disciplinary history… including… OMNI entries…, case management plans…, [and] good conduct time…." and "work program assignments." *Id.* at 2:1-2; 3:4-15. Counsel subsequently explained that these requests encompassed any documents, reports, or information that would typically be part of an employee's personnel file. *Id.* at 2:3-6,9-10; 3:16-22; 4:9-23; 5:1-16; 6:12-13. Defendants promised to produce Plaintiff's "personnel" file, including his custody plan, pay history, and disciplinary history. *Id.* at 2:6-7. They later represented that all documents believed to be within such a file "are being sought or have been provided." *Id.* at 2:5-6; 5:1-16. Notably, however, the Exhibits are linked to and part of Plaintiff's custody plan.

---

[2] Plaintiff's ERD is explained in more detail *infra* II(B).

PLAINTIFF'S SURREPLY TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
(NO. 2:21-cv-00361-MJP) - 2

[Screenshots of Washington State Department of Corrections Offender Management Network Information for Inmate: BAKER, Jamall Shonree (338926), with "Earned Time" and "Good Conduct Time" highlighted in the Sentence Information Menu.]

Dkt. #236-1 at 2-4.

Defendants failed to produce documents properly and timely requested in discovery, only to produce them after discovery has closed, in reply, to claim, for the first time and in direct contrast to the documents produced in discovery, that Plaintiff is not yet eligible for any ERT. *See, e.g.,* Kamjula Decl. at 1:24-25; 6:14-25. Defendants' conduct is inexcusable and highly prejudicial

PLAINTIFF'S SURREPLY TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
(NO. 2:21-cv-00361-MJP) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

to Plaintiff. The Court should strike the Declaration and Exhibits, and all references to and arguments based on them in the Reply.

**B. Even if the Court Considers the Declaration, Exhibits, and Related Argument, It Should Still Deny Summary Judgment.**

The documents Defendants *did* produce substantiate that Plaintiff *does* get ERT, and so too do the Exhibits.

Plaintiff was sentenced to 325 months in prison with credit for time served before sentencing. Kamjula Decl. at 2:12; 6:19-25; *see also* RCW 9.94A.505(6). Based on his time served before sentencing and the first date of his incarceration, his maximum release date is March 24, 2035. *Id.* at 2:12; 1:24-25 6:23-25; *see also* Dkt. #235 at 5; Dkt. #236-1 at 2, 4. Despite this maximum release date, the documents Defendants previously produced reflect: (1) in 2013, Plaintiff lost 10 days of GCT changing his ERD to July 18, 2034, (2) in 2018, those 10 days were restored changing Plaintiff's ERD to July 8, 2034; and (3) in 2023, Plaintiff lost twenty days of GCT changing his ERD to the current date of July 28, 2034. Kamjula Decl. at 1:24-25; 3:1-3.

Additionally, while Defendants rely on the Exhibits to argue that, to date, Plaintiff has earned no ERT whatsoever, the Exhibits actually undermine that argument. While they reflect "0.00" days earned, both reflect "ERD: 7/28/2034."



PLAINTIFF'S SURREPLY TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
(NO. 2:21-cv-00361-MJP) - 4

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

[screenshot of DOC sentence computation screen showing ERD: 07/28/2034, CC/CCO: Turley, Angel M; View J & S – Prison; Period Of Jurisdiction 03/11/2010 – Current; Sentence Drilldown: Cause, Count, & Confinement Element; WEP Eligible Offender: No; Felony Firearm Registration: No; table with Cause/Count/Confinement Element, Consecutive Confinement, Status, Confinement Length, Time Start Date, ERD, MaxEx — Offender Overall Active 0Y, 325M, 0D 04/20/2010 07/28/2034 03/24/2035; AA-081007388-Snohomish-CCP Active 0Y, 325M, 0D 04/20/2010 07/28/2034 03/24/2035; 1- Murder 1 Active 0Y, 325M, 0D 04/20/2010 07/28/2034 03/24/2035; Mandatory – 0Y, 240M, 0D 04/20/2010 04/19/2030 04/19/2030; Base AA-1-Mandatory – 0Y, 85M, 0D 04/19/2030 07/28/2034 03/24/2035]

Dkt. #236-1 at 2, 4. If Plaintiff was not even *eligible* to earn ERT at this juncture, that date would be March 24, 2035. Why these reports reflect no ERT is a mystery that could and would have been explored in discovery had they been timely produced.

Thus, even if this Court denies this request to strike, the Declaration and Exhibits contradict the fundamental premise of Defendants' argument in reply: that Plaintiff has no liberty interest in reducing his incarceration until he has served 20 years. Accordingly, genuine issues of material fact exist as to how, when, and why Plaintiff has an ERD of July 28, 2034 instead of March 24, 2035, and consequently, the measurable value of his constitutional rights (i.e., whether the value of Plaintiff's First and Fourteenth Amendments may be measured by his past and future lost wages in lieu of ERT). *See* Dkt. #232 at 9-13. Therefore, on this record, the Court should deny Defendants' Motion for Summary Judgment.

### III.    CONCLUSION

The Exhibits were requested but not produced in discovery. Whether this was deliberate or due to neglect remains to be seen; but under the circumstances, neither they nor arguments based on them should be considered to decide summary judgment. Additionally, as the exhibits confirm Plaintiff currently has an ERD in contradiction to Defendants' argument first

PLAINTIFF'S SURREPLY TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
(NO. 2:21-cv-00361-MJP) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

raised in reply that Plaintiff is not yet eligible to earn ERT, questions of fact exist precluding summary judgment even were the Court to consider the Exhibits.

DATED this 20th day of November, 2024.

BYRNES KELLER CROMWELL LLP

By /s/ *Tania Sethi Kamjula*
Tania Sethi Kamjula, WSBA # 61732
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
tkamjula@byrneskeller.com
*Attorney for Plaintiff Jamall S. Baker*

I certify that this memorandum contains 925 words, in compliance with the Local Civil Rules.

PLAINTIFF'S SURREPLY TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
(NO. 2:21-cv-00361-MJP) - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## CERTIFICATE OF SERVICE

On this 20th day of November, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ *Tania Sethi Kamjula*
Tania Sethi Kamjula, WSBA # 61732

PLAINTIFF'S SURREPLY TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
(NO. 2:21-cv-00361-MJP) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000