UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMALL S. BAKER,<br><br>                  Plaintiff,<br><br>     v.<br><br>TAMMY O'REILLY, et al.,<br><br>                  Defendant. | CASE NO. C21-361 MJP<br><br>ORDER ON MOTION FOR<br>PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment. (Dkt. No. 230.) Having reviewed the Motion, the Response (Dkt. No. 232), the Reply (Dkt. No. 235), the Surreply (Dkt. No. 238), and all supporting materials, the Court GRANTS in part and DENIES in part the Motion.

**BACKGROUND**

Plaintiff Jamall S. Baker is an inmate confined to the Monroe Corrections Center— Special Offender Unit (MCC-SOU) who brings claims under 42 U.S.C. § 1983 against a number of current and former DOC employees at MCC. Baker alleges that he suffered a "campaign [of]

harassment" on account of advocating for himself and others at MCC-SOU, particularly through the grievance process, and that he had his First Amendment and Fourteenth Amendment Due Process rights repeatedly infringed. (Fifth Amended Complaint (FAC) ¶¶ 13-15 (Dkt. No. 127).) He pursues First Amendment and Due Process claims arising out of: (1) being terminated from his kitchen job as retaliation for lodging grievances against correctional officers at MCC; and (2) being unable to meet privately with counsel. (FAC ¶¶ 74-91.)

The Court denied Defendants' Motion for Summary Judgment in part, finding that Baker may pursue First Amendment retaliation and Due Process claims arising out of losing his kitchen job and being unable to confer privately with counsel. Defendants now move for partial summary judgment on the damages Baker may obtain at trial. Specifically, they argue that Baker may only obtain nominal damages, not the compensatory damages (including emotional damages) or punitive damages.

To unpack these arguments, the Court reviews: (1) the alleged compensatory damages; and (2) the alleged emotional damages.

Baker has long asserted a desire to obtain compensatory damages. In his pro se complaint, Baker announced that he "seeks compensatory damages for the loss of wages[.]" (FAC ¶ 93.) After pro bono counsel was appointed, Baker filed amended initial disclosures, which stated that "Baker is entitled to his past lost wages/back pay (including overtime), future lost wages/front pay (including overtime)[.]" (Declaration of Aaron Williams Ex. 2 (Dkt. No. 231-2).)

As to emotional damages, Baker's complaint outlines with some generalities that he seeks relief for emotional damage. While there is no express requested relief for emotional injuries, Baker included a catchall request for "such relief as the Court deems is just and proper."

(FAC Prayer for Relief ¶ e.) The complaint itself identifies how Baker became "enraged" and "felt bullied by the defendants" in their efforts to disrupt his meetings with counsel. (FAC ¶ 89.) And, as Baker points out, he testified at length during his deposition about the emotional injuries he suffered from being terminated from his job and having an officer being present in the room during the attorney visit. (Deposition of Jamall Baker at 38-39, 77-78, 88-90, 96-99, 150-51, 153-59, 160-61 (Ex. 1 to the Declaration of Tania Sethi Kamjula (Dkt. No. 233-1).) Among other things, he described the "[e]motional turmoil . . . by loss of a job" and the "emotional stress of being harassed" during the attorney visit, which he described as an "irreparable injury." (Baker Dep. at 153-54.) He also described being "so stressed out and emotional and distraught and all over the place" and the impact this had on his housing in prison and his relationship with his wife and friends. (Id. at 155-56.) And he confirmed that he sought counseling for this trauma. (Id. at 157, 161.)

## ANALYSIS

**A.    Legal Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

1  Once the movant has met this burden, the nonmoving party then must show that there is a
2  genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the
3  existence of a genuine issue of material fact, "the moving party is entitled to judgment as a
4  matter of law." Celotex, 477 U.S. at 323-24.

**B.    Defendants Are Entitled to Summary Judgment on Wage-Related Damages**

Defendants correctly note that because prisoners do not have any right to any particular employment, a prisoner cannot seek back or front pay for the loss of a job even if it results from a constitutional violation. "[T]he Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment[.]'" Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (quoting Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (per curiam); and citing Baumann v. Ariz. Dep't of Corr., 754 F.2d 841, 846 (9th Cir. 1985)). Because Baker has no right to any particular job, the loss of it does not entitle him to any back or front pay as damages. Baker concedes he has no property interest in his prison job and he does not identify any contrary law that would entitle him to lost wages. (Resp. at 10.) The Court GRANTS the Motion and finds that back and front pay are not available as damages to Baker.

Defendants are incorrect, however, in their belief that the Ninth Circuit has held that only nominal damages are available to compensate a First Amendment injury that chills speech. (See Mot. at 6 (citing Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997)).) The sole case on which Defendants rely—Hines—merely held that evidence of the chilling of the prisoner's First Amendment rights was a sufficient injury to state a claim, even in the absence of a "more substantial injury." Hines, 108 F.3d at 269. Nothing in the case suggests the only possible relief for "chilling" of speech is nominal damages. Defendants' argument misreads the case and lacks merit.

The Court finds no merit in Baker's assertion that he is entitled to compensatory damages for lost earned release time. Baker correctly notes that he has a due-process-protected liberty interest in earned release time that would shorten his sentence. (Resp. at 10.) That is because Washington's statutory scheme for earned release time confers on Baker a right to earn earlier release that can only be revoked for serious misconduct or for negative or substandard work performance. See Sanding v. Conner, 515 U.S. 472, 478-79 (1995) (citing Wolf v. McDonnell, 418 U.S. 539 (1974)). "A prisoner's statutory right to earn good time credits is a 'protected interest in those credits which prevents their deprivation absent observation of minimum due process requirements.'" In re Gronquist, 138 Wn.2d 388, 397 (1999) (citation omitted). Although Baker has a due process right to earned release time, he has not identified any avenue by which he might be compensated for improperly-deprived earned release time. Baker concedes, as he must, that he cannot obtain credit for earned release time that is now lost, because doing so would run afoul of Supreme Court precedent requiring any challenge to the length of a sentence to be address via habeas corpus (or state analogs). See Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997). And while Baker can pursue a Due Process claim, he has not cited any authority for the proposition that this would entitle him to obtain lost wages as a remedy. See Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (holding that "the favorable termination rule [in Edwards] does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement"). Given that Baker lacks a right to employment, the Court finds no basis on which to conclude that Baker is nevertheless due lost wages as compensation for lost earned release time. Instead, Baker may seek general and punitive damages—excluding back and front pay.

1     Lastly, the Court GRANTS Baker's request to strike the materials Defendants disclosed and rely upon for the first time in their Reply. (Surreply at 1.) Defendants argue in their Reply that state law prohibits Baker from earning good time credits because he is subject to a mandatory minimum sentence and that evidence they submitted with counsel's declaration supports this assertion. (See Reply & Declaration of Sarah Brisbin (Dkt. Nos. 235, 236).) But the records Defendants rely on in their Reply do not support their argument that Baker—who is subject to a 20-year mandatory minimum sentence—has not earned good time because the document shows that Baker has earned early release time. (Dkt. No. 236-1.) What is most troubling, however, is the fact that Defendants failed to produce these records in discovery, despite the fact that they were clearly responsive to Baker's request. (See Declaration of Tania Sethi Kamjula ISO Surreply ¶ 4 (Dkt. No. 240).) The Court therefore STRIKES counsel's declaration and exhibits (Dkt. No. 236) and all arguments based on these documents in the Reply (Dkt. No. 235).

    Counsel for Defendants has not played fair with Baker on this issue, and it appears to have tried to take advantage of a pro se prisoner plaintiff in discovery. Counsel from the Attorney General of Washington must act more diligently and with full candor to both the parties and Court throughout all phases of litigation. This is particularly necessary in cases involving incarcerated pro se plaintiffs where the playing field is not even. And, unfortunately, this is not the only instance where the Court has found the Attorney General to have engaged in improper discovery conduct in a prisoner case. See Williams v. Lawson, C21-5536 MJP, Dkt. No. 186 (W.D. Wash. July 20, 2023). The Court encourages Baker to seek sanctions should he discover any further discovery-related misconduct.

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

C.  **Baker May Pursue Emotional Damages as to his First Amendment Claim Only**

Defendants argue that the Prison Litigation Reform Act (PLRA) bars Baker from obtaining damages for emotional distress and mental injuries because he has not met its requirement to show corresponding physical injury. (Mot. at 7 (citing 42 U.S.C. § 1997e(e)).) Defendants' argument fails as to Baker's First Amendment claims, but has merit as to Baker's Due Process claims.

As to Baker's First Amendment claims, Defendants' argument runs afoul of binding Ninth Circuit law, which holds that "§ 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought." Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998). Defendants seek an end-around Canell by arguing that the Ninth Circuit issued a later decision holding "that a litigant may not recover compensatory, nominal, or punitive damages based on mental of emotional distress suffered as a result of constitutional violations without physical injury." (Reply at 6 (citing Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002)).) But the Ninth Circuit in Oliver expressly recognized that its decision in Canell exempts First Amendment claims from § 1997e(e) and that "[n]othing in our holding today disturbs our prior holding in Canell." Oliver, 289 F.3d at 627 n.5. Defendants' inaccurate and misleading argument has no merit. The PLRA's requirement for a physical injury does not apply to Baker's request for mental and emotional damages as to his First Amendment claims. The Court DENIES the Motion as to this issue.

Defendants are correct that Baker cannot obtain emotional damages for his Due Process claims. The Ninth Circuit made clear that § 1997e(e) applies to Due Process claims and requires a showing of de minimis physical injury. Oliver, 289 F.3d at 630. Here, this rule bars Baker's claim for emotional injury because he has not shown any corresponding physical injury or sexual

1  assault. But this does not mean Baker cannot seek compensatory, nominal, or punitive damages
2  for the alleged Due Process violations provided they are not premised on a mental or emotional
3  injury or front or back pay. Id.
4      On this basis, the Court GRANTS in part and DENIES in part the Motion on these issues.
5  **D.     Baker May Pursue Punitive Damages**
6      Defendants argue that the PLRA prevents Baker from pursuing punitive damages. (Mot.
7  at 8 (citing 18 U.S.C. § 3626(a)(1)(A)).) The Court rejects the argument.
8      The PLRA states that "[p]rospective relief in any civil action with respect to prison
9  conditions shall extend no further than necessary to correct the violation of the Federal right of a
10 particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A). The law also states "[t]he court shall
11 not grant or approve any prospective relief unless the court finds that such relief is narrowly
12 drawn, extends no further than necessary to correct the violation of the Federal right, and is the
13 least intrusive means necessary to correct the violation of the Federal right." Id. And it states
14 "[t]he court shall give substantial weight to any adverse impact on public safety or the operation
15 of a criminal justice system caused by the relief. " Id. The statute defines "prospective relief" to
16 mean "all relief other than compensatory money damages." 18 U.S.C. § 3626(g)(7). And the
17 statute defines term "civil action with respect to prison conditions" to mean, "any civil
18 proceeding arising under Federal law with respect to the conditions of confinement or the effects
19 of actions by government officials on the lives of persons confined in prison, but does not
20 include habeas corpus proceedings challenging the fact or duration of confinement in prison." 18
21 U.S.C. § 3626(g)(2).
22     Defendants incorrectly reason that § 3626's limitation applies to punitive damages as a
23 form of "prospective relief," and that Baker has failed to show how punitive damages would be
24

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT - 8

narrowly-tailored as required by the statute. There are two principle problems with this argument.

First, Baker's claims do not concern "prison conditions," and the statute itself is inapplicable. For the statute to apply, Baker's claims must concern "the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." 18 U.S.C. § 3626(g)(2). Baker is not challenging the conditions of confinement. Nor is he challenging broadly "the effects of actions by government officials on the lives of persons confined in prison." See 18 U.S.C. § 3626(g)(2). Instead, he pursues First Amendment and Due Process claims specific to adverse actions taken solely against him that have nothing to do with the conditions of his confinement or the lives of other persons confined in prison. Logically, there is no reason his claims fall within the statute at all. On this basis, the Court DENIES Defendants' Motion.

Second, Defendants present a strained construction of the statutory term "prospective relief" to include punitive damages. Defendants believe that because the statute defines "prospective relief" to include "all relief other than compensatory monetary damages," 18 U.S.C. § 3626(g)(7), "a plain language reading of the statute" means that "prospective relief" "includes everything except compensatory damages," (Mot. at 10). Divorced of context, this argument could have some base appeal. But in recently rejecting this same argument from the Attorney General, the Court noted that "Defendant's argument that punitive damages are a type of 'prospective relief' under the PLRA is in tension with how that term is commonly understood[.]" Ejonga v. Watanabe, No. 2:21-CV-01004-DGE, 2024 WL 4882011, at *8 (W.D. Wash. Nov. 25, 2024). Defendants offer no authority for their belief that punitive damages are a form of "prospective" relief. And the PLRA's use of the term "narrowly tailoring" confirms that the

1  statute speaks to injunctive relief, not punitive damages. See id. That is because, unlike
2  injunctive relief, courts do not narrowly tailor punitive damage awards—at most, they reduce
3  them through remittitur. This confirms why Defendants' construction of the statute is not
4  sensible. Lastly, a plain language definition of the terms "prospective" and "relief" undermine
5  Defendants' statutory construction. "Prospective" means "effective or operative in the future."
6  Prospective, BLACK'S LAW DICTIONARY (9th ed. 2010). And "Relief" means "the redress
7  or benefit, esp. equitable in nature (such as an injunction or specific performance), that a party
8  asks of a court." Relief, BLACK'S LAW DICTIONARY (9th ed. 2010). Taken together, these
9  definitions show that prospective relief operates in the future like an injunction, and that the term
10 excludes punitive damages which compensate and redress past wrongs. Not surprisingly,
11 Defendants cite to no authority to support their construction of the statute, and the Court finds no
12 merit in the argument. This is a second, independent reason why the Court DENIES the Motion
13 as to this form of relief.

14 The Court DENIES the Motion as to punitive damages and finds this portion of the
15 PLRA does not apply to Baker's claims.

## CONCLUSION

17 The Court agrees with Defendants that Baker may not obtain front or back pay as a form
18 of compensatory damages and that he cannot obtain emotional damages for his Due Process
19 claims. On these two limited bases the Court GRANTS the Motion. The Court otherwise
20 DENIES the Motion. Baker is not limited to obtaining nominal damages. Baker may continue to
21 pursue claims for general compensatory damages (excluding back and front pay), emotional
22 damages for his First Amendment claims, and punitive damages for all claims.
23 \\
24

The clerk is ordered to provide copies of this order to all counsel.

Dated January 15, 2025.

*Marsha J. Pechman*

Marsha J. Pechman
United States Senior District Judge