1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                    AT SEATTLE

10   JAMALL S. BAKER,                    CASE NO. C21-361 MJP

11                  Plaintiff,           ORDER GRANTING STIPULATED
                                         MOTION TO SEAL
12          v.

13   TAMMY O'REILLY, et al.,

14                  Defendants.

15

16      This matter comes before the Court on the Parties' Stipulated Motion to Seal. (Dkt. No.

17   256.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion.

18      With his Motion for Sanctions, Plaintiff has filed certain information regarding the use of

19   audio and video surveillance at the Monroe Correctional Complex (MCC) provisionally under

20   seal because Defendants have designated the information as "Attorneys' Eyes Only" under the

21   Protective Order entered into this case. Defendants maintain that the information, if revealed,

22   could lead to harm to both staff and incarcerated individuals at MCC because it could be used by

23   incarcerated individuals at MCC to avoid scrutiny and engage in illicit activities.

24

ORDER GRANTING STIPULATED MOTION TO SEAL - 1

1     The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. Here, the Court finds that the good cause standard applies, as the Motion does not reach the merits of the case. Under the "good cause" standard, the Court may seal materials "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(G).

    The Court here finds good cause to seal the information at issue. Although the declaration Defendants filed in support of their request to seal is not specific to the testimony and discovery responses in this case, it suffices to demonstrate the potential harm to the security at MCC if the information is made public. The Court finds good cause to seal the information and GRANTS the Motion. The Clerk is directed to maintain Docket Entry 260 UNDER SEAL.

    The clerk is ordered to provide copies of this order to all counsel.

    Dated May 12, 2025.

Marsha J. Pechman
United States Senior District Judge

ORDER GRANTING STIPULATED MOTION TO SEAL - 2